## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                               Civ. No. 14-00145

2012 MAZDA 6I
VIN: 1YVHZ8BH9C5M05771,

    *Defendant*,

and

CLAUDIA VERONICA ARCINIEGA,

    *Claimant*.

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff states:

## JURISDICTION AND VENUE

1.    This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico. During the pendency of this action, Defendant property, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355, and 1356.

3.    Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.    The "res" or property which is the subject of this action consists of a 2012 Mazda 6I denominated by vehicle identification number 1YVHZ8BH9C5M05771 (hereafter referred to as "Defendant Vehicle").

## PARTIES AND CLAIMANTS

5. The following person(s) may claim an interest in the Defendant Vehicle:

   a. Claudia Veronica Arciniega, who is represented by Louis Elias Lopez, Jr.

## FACTS

6. On or about November 24, 2013, at approximately 12:57 a.m., a red 2007 GMC Yukon with Indiana license plates drove into the United States Border Patrol checkpoint located on Interstate 25 at approximately mile marker 26. Border Patrol Agent Cesar Herrera questioned the driver, Francisco Rivas Jr, and passenger, Miriam Cristina Rosales, as to their citizenship. Mr. Rivas presented a valid United States passport. Ms. Rosales presented a valid permanent resident card and stated that her child was a United States citizen. Agent Herrera noticed that Mr. Rivas's hand was shaking when he presented his passport and that he kept fidgeting in his seat. Agent Herrera requested and received consistent from Mr. Rivas to deploy a certified drug detection canine. Agent Herrera directed Mr. Rivas to the secondary inspection area.

7. Mr. Rivas fled from the secondary inspection area prior to the canine inspection. Border Patrol Agents pursued the vehicle and located the vehicle off the Upham exit at approximately mile maker 32. The vehicle was off road with the front two tires hanging over a cliff. The driver, Mr. Rivas, had abandoned the vehicle and fled on foot. The passenger, Ms. Rosales, was standing outside the vehicle with her child.

8. At approximately 1:20 a.m., Agent Herrera conducted a canine inspection of the vehicle. The certified drug detection canine alerted. A subsequent search of the vehicle revealed three large black suitcases and one cardboard box containing approximately 201 bricks of marijuana, which weighed approximately 97.52 kilograms

9. At approximately 1:45 a.m., Border Patrol Agent Martin Gonzalez encountered Claudia Veronica Arciniega at primary inspection area at the United States Border Patrol checkpoint located on Interstate 25 at approximately mile marker 26. Ms. Arciniega was driving the Defendant Vehicle, a 2012 Mazda 6I denominated by vehicle identification number 1YVHZ8BH9C5M05771. Ms. Arciniega asked Agent Gonzalez if the subjects in the accident were at the checkpoint. Agent Gonzalez became suspicious of Ms. Arciniega because she was aware of the accident which had occurred just a few minutes prior, and Agent Gonzalez referred Ms. Arciniega to the secondary inspection area for further investigation.

10. Agent Herrera met with Ms. Arciniega and advised her of her *Miranda* rights. Ms. Arciniega stated that she understood her rights.

11. Ms. Arciniega admitted that she knew Mr. Rivas was trying to transport drugs. Ms. Arciniega further admitted to using the Defendant Vehicle to scout the United States Border Patrol checkpoint located on Interstate 25 at approximately mile marker 26 to see what Border Patrol Agents were doing. After successfully passing through the United States Border Patrol checkpoint, Ms. Arciniega advised Mr. Rivas of the United States Border Patrol's operations at the checkpoint. Ms. Arciniega stated that she thought that she would get money for helping Mr. Rivas get past the checkpoint.

**CLAIM FOR RELIEF**

12. The Defendant Vehicle is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(4) because it was used, or intended for use, in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance.

WHEREFORE: Plaintiff seeks arrest of the Defendant Vehicle and forfeiture of the same to Plaintiff, determination of the validity and priority of claims of the Claimants, and any

Unknown Claimants to the Defendant Vehicle, costs and expenses of seizure and of this proceeding, and other proper relief.

        Respectfully submitted,

        STEVEN C. YARBROUGH
        Acting United States Attorney

        BROCK E. TAYLOR
        555 S. Telshor, Ste. 300
        Las Cruces, NM 88011
        (575) 522-2304

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached, and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 2-14-14

_____
MICHAEL A. JIMENEZ
Special Agent
Drug Enforcement Administration